******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

IN RE GABRIELLA C.-G. ET AL.*
(AC 41742)

DiPentima, C. J., and Alvord and Flynn, Js.

*Syllabus*

The respondent mother appealed to this court from the judgments of the trial court terminating her parental rights with respect to her five minor children. On appeal, she claimed, inter alia, that the trial court erred in finding that the Department of Children and Families had made reasonable efforts to reunify the mother with her children and in making certain statements regarding the best interests of the children. *Held* that the findings of the trial court, as set forth in its thoughtful and thorough decision, were sufficiently supported by the evidence and not clearly erroneous; accordingly, the judgments were affirmed.

Argued November 13—officially released December 18, 2018**

*Procedural History*

Petitions by the Commissioner of Children and Families to terminate the respondents' parental rights with respect to their minor children, brought to the Superior Court in the judicial district of New London, Juvenile Matters at Waterford, and tried to the court, *Driscoll, J.*; judgments terminating the respondents' parental rights, from which the respondent mother appealed to this court. *Affirmed.*

*Kirsten F.*, self-represented, the appellant (respondent mother).

*Stephen G. Vitelli*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Benjamin Zivyon*, assistant attorney general, for the appellee (petitioner).

*Priscilla Hammond*, for the minor child Dallas C.

*Ryan Ziolkowski*, for the minor child Gabriella C.-G. et al.

*Peter D. Catania*, for the father Brandon M.

*Opinion*

PER CURIAM. The respondent mother, Kirsten F., appeals from the judgments of the trial court rendered in favor of the petitioner, the Commissioner of Children and Families, terminating her parental rights with respect to her five minor children, Gabriella, Mason, Dallas, Lillyana and Zuri.[1] She claims on appeal that the court erred in (1) violating her constitutional rights by holding her to "unlawful, vague, high standards of care, compared to all the other parties . . . associated with the care and keeping" of the five children, (2) denying "the right to a comparison of the foster parents . . . and [the Department of Children and Families (the department)] provided level of care that she was held to," including not allowing an injury report from the Office of the Child Advocate as to Dallas, (3) finding that the department made "reasonable efforts" to reunify her with any of her five children, (4) making the statement, "this family can't and won't benefit from reunification"; (internal quotation marks omitted); and (5) stating that "it's in the best interest"; (internal quotation marks omitted); of the five minor children for her to lose her parental rights.

On April 13, 2018, after hearing from seventeen witnesses and considering seventy exhibits over six days, the court ordered, inter alia, the termination of the parental rights of the respondent mother, stating: "Wherefore, after due consideration of the children's need for a secure, permanent placement, and the totality of the circumstances, and having considered all statutory criteria, and having found by clear and convincing evidence that reasonable efforts at reunification with [the parents] were made and that each was unwilling or unable to benefit from those efforts, and that grounds exist to terminate [the respondent]'s . . . parental rights for a failure to rehabilitate as alleged . . . it is in the children's best interest to do so . . . ."

Under the applicable standard of review of the adjudicatory ground of failure to rehabilitate, we must determine "whether the trial court could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify its [ultimate conclusion]. . . . When applying this standard, we construe the evidence in a manner most favorable to sustaining the judgment of the trial court." (Internal quotation marks omitted.) *In re Egypt E.*, 327 Conn. 506, 526, 175 A.3d 21, cert. denied sub nom. *Morsy E.* v. *Commissioner, Dept. of Children & Families*, U.S. , 139 S. Ct. 88, L. Ed. 2d (2018). "It is well settled that we will overturn the trial court's decision that the termination of parental rights is in the best interest of the [child] only if the court's findings are clearly erroneous." *In re Athena C.*, 181 Conn. App. 803, 811, 186 A.3d 1198, cert. denied, 329 Conn. 911,

186 A.3d 14 (2018).

Having reviewed the findings of the court as set forth in its thoughtful and thorough decision, we conclude that under the applicable standards of review, they are sufficiently supported by the evidence and not clearly erroneous.

The judgments are affirmed.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

** December 18, 2018, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] The parental rights of T.G., the father of Gabriella, were also terminated, and he has not appealed. The parental rights of J.S., the father of Mason, Dallas and Zuri also were terminated, and he has not appealed. The court adjudicated B.M. to be the father of Lillyana, and the petitioner did not seek to terminate his rights. Coguardianship of Lillyana was awarded to her paternal grandmother and B.M.