******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# IN RE ALIGHA R.-S. ET AL.*
## (AC 44835)

Elgo, Moll and Bishop, Js.

*Syllabus*

The respondent mother appealed to this court from the judgments of the trial court terminating her parental rights with respect to her three minor children. On appeal, she claimed, inter alia, that the trial court had erred in finding that the Department of Children and Families had made reasonable efforts to reunify the family. She also claimed that her trial counsel rendered ineffective assistance. *Held* that the findings of the trial court were sufficiently supported by the evidence and not clearly erroneous; moreover, the respondent mother's ineffective assistance of counsel claim was not supported by the record; accordingly, the judgments were affirmed.

Submitted on briefs January 31—officially released March 2, 2022**

*Procedural History*

Petitions by the Commissioner of Children and Families to terminate the respondents' parental rights with respect to their minor children, brought to the Superior Court in the judicial district of Fairfield, Juvenile Matters at Bridgeport, and tried to the court, *Maronich, J.*; judgments terminating the respondents' parental rights, from which the respondent mother appealed to this court. *Affirmed.*

*Paul A. Garlinghouse*, filed a brief for the appellant (respondent mother).

*Nisa Khan*, assistant attorney general, *William Tong*, attorney general, and *Evan O'Roark*, assistant attorney general, filed a brief for the appellee (petitioner).

*Opinion*

PER CURIAM. The respondent mother appeals from the judgments of the trial court rendered in favor of the petitioner,[1] the Commissioner of Children and Families, terminating her parental rights as to her minor children, Aligha R.-S., Alanah S., and Aarin R. On appeal, the respondent claims that the court improperly found that (1) the Department of Children and Families made reasonable efforts to reunify the family, (2) she failed to achieve a sufficient degree of personal rehabilitation pursuant to General Statutes § 17a-112 (j) (3) (B) (i), and (3) termination of her parental rights was in the best interests of the children. In addition, the respondent claims that the court improperly denied her motion to revoke commitment and that her trial counsel rendered ineffective assistance. We affirm the judgments of the trial court.

We note at the outset that the core findings that the respondent challenges are reviewed under deferential standards. See *In re Terrance C.*, 58 Conn. App. 389, 396, 755 A.2d 232 (2000) ("Before a termination of parental rights can be granted, the trial court must be convinced that the department has made reasonable efforts to reunite the child with his or her family. . . . The trial court's ruling on [reasonable efforts] should not be disturbed on appeal unless, in light of the evidence in the entire record, it is clearly erroneous." (Citation omitted; internal quotation marks omitted.)); see also *In re Avia M.*, 188 Conn. App. 736, 738–39, 205 A.3d 764 (2019) ("Our standard of review on appeal is twofold. . . . First, the court's ultimate conclusion of whether a parent has failed to rehabilitate is [reviewed under an evidentiary sufficiency standard], that is, whether the trial court could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify its [ultimate conclusion]. . . . When applying this standard, we construe the evidence in a manner most favorable to sustaining the judgment of the trial court. . . . Second, the standard of review for the court's determination of the best interest of the child is clearly erroneous." (Citations omitted; internal quotation marks omitted.)); *In re Patricia C.*, 93 Conn. App. 25, 31, 887 A.2d 929 (standard of review for denial of motion to revoke commitment is clearly erroneous), cert. denied, 277 Conn. 931, 896 A.2d 101 (2006).

With respect to the respondent's ineffective assistance of counsel claim, our review is guided by the following principles: "In determining whether counsel has been ineffective in a termination proceeding, [this court has] enunciated the following standard: The range of competence . . . requires not errorless counsel, and not counsel judged ineffective by hindsight, but counsel whose performance is reasonably competent, or within the range of competence displayed by lawyers with

ordinary training and skill in [that particular area of the] law. . . . The respondent must prove that [counsel's performance] fell below this standard of competency and also that the lack of competency contributed to the termination of parental rights. . . . A showing of incompetency without a showing of resulting prejudice . . . does not amount to ineffective assistance of counsel." (Internal quotation marks omitted.) *In re Peter L.*, 158 Conn. App. 556, 563, 119 A.3d 23 (2015).

After examining the record before us, as well as the briefs and the arguments of the parties on appeal, we conclude that under the applicable standards of review, the court's findings "are sufficiently supported by the evidence and not clearly erroneous." *In re Gabriella C.-G.*, 186 Conn. App. 767, 770, 200 A.3d 1201 (2018), cert. denied, 330 Conn. 969, 200 A.3d 699 (2019). With respect to the respondent's ineffective assistance of counsel claim, we conclude that this claim is not supported by the record. See *In re Peter L.*, supra, 158 Conn. App. 564 ("[m]ere allegations of ineffectiveness, unsubstantiated by the record, are inadequate to support a finding of ineffectiveness").

The judgments are affirmed.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

** March 2, 2022, the date this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] On December 1, 2021, the attorney for the minor children filed a statement adopting the petitioner's brief.